UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**MICHAEL L. CHURCH and**
**ALISON H. CHURCH,**                                    Chapter 7
    Debtor                                                Case No. 08-16202-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~

## MEMORANDUM

Upon consideration of the "Debtors' Motion for Reconsideration of Order Denying Motion to Avoid Judicial Liens," [sic] and the decisions cited by the Debtors in their Motion, the Court hereby denies the Motion for Reconsideration without prejudice to the renewal of the lien avoidance motions following the filing by the Debtors of an Amended Schedule C.[1]  On September 21, 2009, this Court denied the Debtors' motions to avoid judicial liens held by Dilisio Brothers, LLC and Rent-All, Inc.  Although the Debtors averred that the liens impaired an exemption in real property, the Court determined that

---

[1] The Court notes that the Debtors are seeking reconsideration of two orders denying two lien avoidance motions.  The Court also notes that the Motion for Reconsideration is untimely.  The Court's orders were entered on September 21, 2009 and the Motion for Reconsideration was filed on October 5, 2009, more than 10 days after the entry of the Court's order.  *See* Fed. R. Bankr. P. 9023.

the motions lacked merit because the Debtors had failed to claim an exemption in the real property located at 15 Lindsey Street, Marblehead, MA under the federal exemption scheme which they had elected.  *See* 11 U.S.C. § 522(b).

The Debtors move this Court to reconsider its ruling, citing, *inter alia*, a decision issued by Judge Joel B. Rosenthal, namely In re Morais, 09-42079-JBR , 2009 WL 3054059 (Bankr. D. Mass. September 18, 2009), in which the primary issue was whether the lien the debtors sought to avoid was an equitable lien or a judicial lien.  Nevertheless, the court in Morais, referencing the statutory language of 11 U.S.C. § 522(f), stated: "The statute does not require that the Debtors actually claim an exemption in the Property any more than it requires that the Property actually have equity to be impaired. The statute only requires that the lien impair an exemption to which the Debtors "would have been entitled under subsection (b) . . . ."  2009 WL 3054059 at *4.

This Court respectfully disagrees with the conclusion reached in Morais.  In In re Goswami, 304 B.R. 386  (B.A.P. 9th Cir. 2003), the Bankruptcy Appellate Panel observed that there are four basic elements of an avoidable lien under section 522(f)(1)(A):

> First, there must be an exemption to which the debtor "would have been entitled under subsection (b) of this section." 11 U.S.C. § 522(f).  Second, the property must be listed on the debtor's schedules and claimed as exempt. Third, the lien must impair that exemption. Fourth, the lien must be . . . a judicial lien. 11 U.S.C. § 522(f)(1).

Id. at 390-91 (citing In re Mohring, 142 B.R. 389, 392 (Bankr. E.D. Cal. 1992), *aff'd*, 24 F.3d

247 (9th Cir.1994)).² With reference to the second element, the weight of authority is that "[w]here a debtor has not claimed an exemption in the property subject to a judicial lien, there is nothing for § 522(f) to protect." *See* In re Kiproff, No. 05-13008, 2006 WL 2381717 at *1  (Bankr. N.D. Ind. Aug. 16, 2006) ("Where a debtor has not claimed an exemption in the property subject to a judicial lien, there is nothing for § 522(f) to protect."). *See also* Swaim v. Kleven, 1:04-CV-33, 2004 WL 3550144 at *2 (N.D. Ind. Aug. 27, 2004) ("[D]ebtors may not avoid judicial liens upon property without actually claiming an exemption in that property."); In re Coverstone, No. 05-12160, 2006 WL 2136032 at *1 (Bankr. N.D. Ind. July 27, 2006) ("Where a debtor has not claimed an exemption in the property subject to a judicial lien, there is nothing for § 522(f) to protect."); In re Bartlett, 326 B.R. 436, 438 (Bankr. N.D. Ill. 2005) ("[D]ebtors need to amend their claimed exemptions before they can seek to avoid the judicial lien."); In re Berryhill, 254 B.R. 242, 243 (Bankr. N.D. Ind. 2000) ("If the property has not been claimed as exempt, a lien against it is not avoidable."); In re Mukhi, 246 B.R. 859, 862 (Bankr. N.D. Ill. 2000)(one requirement for lien avoidance under 522(f) is that debtor claim an exemption); In re Rushdi, 174 B.R. 126, 127 (Bankr. D. Idaho 1994)(debtor has burden of showing that property is listed on debtor's schedules as claimed exemption); In re Wall, 127 B.R. 353, 356 (Bankr. E.D. Va. 1991)("[I]t does not make sense

---

² The Court recognizes that the First Circuit omitted the second requirement in Wilding v. CitiFinancial Consumer Fin. Servs., Inc. (In re Wilding), 475 F.3d 428, 431 (1st Cir.  2007), but the issue of whether the Debtor had properly claimed his homestead as exempt was not before the court.  Moreover, the First Circuit cited Culver, LLC v. Chiu (In re Chiu), which in turn cited Estate of Catli v. Catli (In re Catli), 999 F.2d 1405, 1406 (9th Cir.1993), for the list of required elements. Notably, the Ninth Circuit affirmed In re Mohring after the decision in Catli.

to allow a lien to be avoided on property that has not been claimed exempt."); In re Rosol, 114 B.R. 560, 562 (Bankr. N.D. Ill. 1989) (debtor must properly claim exemption to obtain relief under section 522(f)(1)); In re Johnson, 53 B.R. 919, 922 (Bankr. N.D. Ill. 1985) (same). Accordingly, absent a properly claimed exemption, there is no lien that impairs an exemption. This holding is consistent with the requirement of section 522(l) which provides that "[t]he debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section."

Although the statutory language refers to an exemption "to which the debtor would have been entitled," the Court concludes that this phrase refers to the total amount of an exemption available to the debtor, not the existence of an exemption available to the debtor which is unclaimed on Schedule C. That conclusion also is consistent with the example provided by the Supreme Court in Owen v. Owen, 500 U.S. 305 (1991), in which the Court held that the proper question to ask is "whether it impairs an exemption to which [the debtor] would have been entitled *but for the lien itself*." Id. at 310-11 (emphasis supplied). The Court explained:

> The federal homestead exemption, for example, allows the debtor to exempt from the property of the estate "[t]he debtor's aggregate interest, not to exceed $7,500 in value, in . . . a residence." § 522(d)(1). If respondent's interpretation of § 522(f) were applied to this exemption, a debtor who owned a house worth $10,000 that was subject to a judicial lien for $9,000 would not be entitled to the full homestead exemption of $7,500. The judicial lien would not be avoidable under § 522(f), since it does not "impair" the exemption, which is limited to the debtor's "aggregate interest" of $1,000.

Id. at 310.

As noted, the Debtors were required to list their claimed exemptions on Schedule

4

C. *See* 11 U.S.C. §§ 521(a), 522(l). The requirement is not onerous, and, as the cases cited above correctly hold, it is a precondition to the allowance of a lien avoidance motion. Therefore, the Court shall enter an order denying the Debtors' Motion for Reconsideration.

By the Court,

*Joan N. Feeney*

Joan N. Feeney
United States Bankruptcy Judge

Dated: November 2, 2009
cc: David G. Baker, Esq., John O. Desmond, Esq.